# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0175 | **DATE** | MAR 1 2 2012 |
| **CASE TITLE** | Damenion Thomas (#R-41900) v. Dietary Supervisor Kamala | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted, as ordered, an amended complaint. Pursuant to 28 .S.C. § 1915A, the Court finds that the complaint is acceptable, and plaintiff may proceed. The Clerk shall issue summons to Defendant Kamala and the U.S. Marshal is directed to serve him. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has submitted his amended complaint, pursuant to the Court's prior order, claiming that Defendant Kamala, a dietary supervisor at Stateville Correctional Center, violated Plaintiff's constitutional rights by subjecting him to the excessive use of force. More specifically, Plaintiff alleges that on November 12, 2010, at Stateville Correctional Center, Defendant Kamala ordered Plaintiff to sweep the floor of the kitchen during his work assignment. Plaintiff alleges that when he did not move as ordered, Defendant Kamala choked him, leaving red marks on Plaintiff's neck that required treatment by medical personnel.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Kamala for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). While Plaintiff's injuries appear to have been relatively minor, Defendant must appear and answer the complaint.

However, to the extent that Plaintiff is complaining about the handling of his grievances, he has failed to state a claim. An inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, that an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, Plaintiff only alleges his dissatisfaction with the results of his grievance. As the handling of plaintiff's grievance has not impacted his access to the courts, Plaintiff has failed to state a claim with respect to his grievance.

The Clerk shall issue summons to Defendant Kamala (hereinafter, "Defendant") forthwith and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.
**(CONTINUED)**

## STATEMENT (continued)

  The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

  Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on his behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

  Plaintiff has also filed a motion for appointment of counsel. The motion is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

  After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

  As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.